**SO ORDERED: April 28, 2008.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             SOUTHERN DISTRICT OF INDIANA
                 INDIANAPOLIS DIVISION

IN RE:                        )
GARY DAVID BOLIN              )Case No. 04-17054-FJO-7
       Debtor                 )
```

**ORDER**

This matter came before the Court upon the filing on February 28, 2008 by the Debtor of the Emergency Motion to Stay Creditor from Collection Proceedings. The Court sent notice on February 28, 2008 of a hearing on this matter to be held on March 26, 2008. The Debtor's counsel on March 17, 2008, filed a continuance of said hearing, due to conflicts with other cases that day in another court. The Burketts objected to the request for continuance citing the past alleged practice of the Debtor in delaying litigation. This Court did continue the hearing and reset it for April 14, 2008.

On April 14, 2008, the Court heard testimony of the parties

and arguments of counsel for Debtor and Mr. Burkett (acting pro se).  The Court, after reviewing the pleadings and having heard the arguments and testimony of the parties, ruled from the bench - denying the Debtor's reqeust to add the Burketts as creditors and to impose a stay on the Burketts collection efforts to enforce their judgment against the Debtor.  This Court hereby incorporates the statements made by the Court on the record and sets forth the following.

Bolin filed bankruptcy on September 17, 2004.  Although he listed other matters of litigation, he failed to list the litigation with the Burketts that he had just prior to the filing of the bankrtupcy initiated in Brown County.  Bolin also did not list the Burketts' counterclaim as a liability or any claim or lien he asserted against them as an asset on his schedules.  Bolin claims to have told his attorney "to take care of it" (referring to the litigation with the Burketts).  According to Bolin's testimoney, he thought it had all "gone away".  However, Mr. Bolin's statement is not supported by his actions over the next three plus years as he continued to pursue the state court litigation all the way through a mulitple day trial.  The trial court not only declined to awared Mr. Bolin money on his claim, the court entered judgment against him granting the Burketts punitive damages, fees and costs against Mr. Bolin for his abuse of process, finding specifically that Mr. Bolin had acted with malice, gross negligence or oppressive conduct in his actions with the Burketts.

Mr. Bolin proceeded with the appeal process but did not conclude the appeal.  (How far he went in the appeal is not relevant to this Court.)

The critical fact in this case is that the Debtor's indebtedness to the Burketts arose AFTER the filing of the bankruptcy.  The award of the state court is not based on acts before September 2004 when the bankruptcy was filed - but for the delay and abuse of the system caused by Mr. Bolin in his abusive litigation against the Burketts.  Simply put, Mr. Bolin could have avoided all of this years ago by dismissing the lien at the time of the filing of the bankruptcy.  He chose not to do so.  He pursed the litigation for years and lost.  This matter is not apart of this bankruptcy because the debt was incurred after the petition was filed.  Even if it had not been incurred pre-petition, this Court would have in all likelihood have found the debt to be nondischargeable anyway based on the extensive and detailed findings by the state court.  To the extent there is a possibly that any part of the subject indebtedness was incurred pre - petition (which this Court believes is unlikely), this Court would still deny any request to list such omitted debt given the Debtor's strategy of selectively listing certain debts and assets which this Court believes was intentional on his part - purposely omitting the Burketts while actively participation in litigation to pursue his claim against them.  It is discretionary with the Court to allow the adding of "omitted" creditors, which this Court would only

allow if it was truly an oversight on the Debtor's part- which is not the situation in the present case.

Based upon the foregoing, this Court ORDERS as follows:

1. The Debtor's request to add the Burketts as creditors in this bankruptcy is DENIED.

2. The Debtor's request to impose the stay as to the Burkett's in their collection efforts against Mr. Bolin is DENIED. The Burketts are free to pursue what ever legal remedies are available to them to collect the subject debt.

3. **The previous order dated February 28, 2008 wherein this Court granted a temporary stay as to the Burketts' collection efforts in no longer valid**.

4. The Court will by separate order the closure of this case.

###